Rocky Boice Jr.
NAME

Reg.# 54677-048
PRISON IDENTIFICATION/BOOKING NO.

3600 Guard Rd.
ADDRESS OR PLACE OF CONFINEMENT

Lompoc, CA 93436

Note:    If represented by an attorney, provide name, address, & telephone number. *It is your responsibility to notify the Clerk of Court in writing of any change of address.*

FEE PAID

FILED
CLERK, U.S. DISTRICT COURT

MAR - 7 2024

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Rocky N. Boice Jr.
FULL NAME (Include name under which you were convicted)

Petitioner,

v.

Brian Birkholz
NAME OF WARDEN, (or other authorized person having custody of petitioner)

Respondent.

CASE NUMBER:

CV  2:24-cv-01963-CJC-ADS
To be supplied by the Clerk of the United States District Court

CR  3:18-CR-00028-LRH-WGC (D.Nev.)
Criminal case under which sentence was imposed.

**PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN FEDERAL CUSTODY**
**(28 U.S.C. § 2241)**

### INSTRUCTIONS - READ CAREFULLY

This petition shall be legibly handwritten or typewritten and signed by the petitioner under penalty of perjury. You must set forth CONCISELY the answer to each question in the proper space on the form. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury.

You must not attach separate pages to this petition except that ONE separate additional page is permitted in answering Question No. 9.

Upon receipt of a fee of $5.00, your petition will be filed if it is in proper order.

If you are seeking leave to proceed *in forma pauperis* (without paying the $5.00 filing fee and other court costs), then you must also execute the declaration on the last page, setting forth information that establishes your inability to pay the fees and costs of the proceedings or to give security therefor. If you wish to proceed *in forma pauperis*, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution. If your prison account exceeds $25.00, you must pay the filing fee as required by the rule of the district court.

When the petition is completed, the original and 3 copies must be mailed to the Clerk of the United States District Court for the Central District of California, Edward R. Roybal Federal Building & U.S. Courthouse, 255 East Temple Street, Suite TS-134, Los Angeles, California 90012, ATTENTION: Intake/Docket Section.

Only one sentence, conviction, or parole matter may be challenged in a single petition. If you challenge more than one, you must do so by separate petitions.

PLEASE COMPLETE THE FOLLOWING: (*Check appropriate number*)

This petition concerns:
1. ☐ a conviction.
2. ☐ a sentence.
3. ☐ jail or prison conditions.
4. ☒ prison discipline.
5. ☐ a parole problem.
6. ☐ other.

## PETITION

1. Place of detention  FCI Lompoc, CA

2. Name and location of court that imposed sentence  U.S. District Court for the District of Nevada

3. The indictment number or numbers (if known) upon which, and the offense or offenses for which, sentence was imposed:
   a. Case No. 3:18-CR-00028-LRH-WGC (D. Nev.)
   b. 18 U.S.C. §§ 113(a)(3), 1151, and 1153 (assault with a dangerous weapon)
   c. 18 U.S.C. § 924(c)(1)(A)(iii) (use/carry a firearm in relation to crime of violence)

4. The date upon which sentence was imposed and the terms of the sentence:
   a. January 14, 2019
   b. 180 months imprisonment, 3 years supervised release
   c. _____

5. Check whether a finding of guilty was made:
   a. ☒ After a plea of guilty
   b. ☐ After a plea of not guilty
   c. ☐ After a plea of nolo contendere

6. If you were found guilty after a plea of not guilty, check whether that finding was made by:
   a. ☐ a jury
   b. ☐ a judge without a jury

7. Did you appeal from the judgment of conviction or the imposition of sentence?  ☐ Yes   ☒ No

8. If you did appeal, give the following information for each appeal:

   **CAUTION:**  *If you are attacking a sentence imposed under a federal judgment, you must first file a direct appeal or motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.*

   a. (1) Name of court _____
      (2) Result _____
      (3) Date of result _____
      (4) Citation or number of opinion _____

(5) Grounds raised (*list each*):

    (a) _____

    (b) _____

    (c) _____

    (d) _____

b.  (1) Name of court _____

   (2) Result _____

   (3) Date of result _____

   (4) Citation or number of opinion _____

   (5) Grounds raised (*list each*):

    (a) _____

    (b) _____

    (c) _____

    (d) _____

9. State CONCISELY every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, attach a SINGLE page only behind this page.

    **CAUTION:**  *If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date. You must state facts, not conclusions, in support of your grounds. A rule of thumb to follow: state WHO did exactly WHAT to violate your rights at WHAT time and place.*

a.  Ground one: <u>**Fifth Amendment Due Process Violation**</u>

Supporting FACTS (tell your story BRIEFLY without citing cases or law): <u>My Fifth Amendment right to due process was violated at FCI Lompoc, CA, when officials failed to provide me with a written copy of the Discipline Hearing Officer's (DHO) Report. My DHO hearing was held on August 1, 2023, however, no DHO Report was provided to me. This impedes my right to appeal the decision. Accordingly, my 270 days of non-vested good time should be restored to me.</u>

b.  Ground two: _____

Supporting FACTS (tell your story BRIEFLY without citing cases or law): _____

_____

_____

_____

_____

_____

c.  Ground three: _____

_____

Supporting FACTS (tell your story BRIEFLY without citing cases or law): _____

_____

_____

_____

_____

_____

d.  Ground four: _____

_____

Supporting FACTS (tell your story BRIEFLY without citing cases or law): _____

_____

_____

_____

_____

_____

10. Have you filed previous petitions for habeas corpus, motions under Section 2255 of Title 28, United States Code, or
    any other applications, petitions, or motions with respect to this conviction?    ☐ Yes ☒ No

11. If your answer to Question No. 10 was yes, give the following information:

a.   (1) Name of Court _____

     (2) Nature of proceeding _____

     (3) Grounds raised _____

     _____

     _____

     _____

     _____

     (4) Result _____

     (5) Date of result _____

     (6) Citation or number of any written opinions or orders entered pursuant to each disposition.

     _____

     _____

     _____

     _____

b.  (1) Name of Court _____

(2) Nature of proceeding _____

(3) Grounds raised _____

_____

_____

_____

_____

(4) Result _____

(5) Date of result _____

(6) Citation or number of any written opinions or orders entered pursuant to each disposition.

_____

_____

12. If you did not file a motion under Section 2255 of Title 28, United States Code, or if you filed such a motion and it was denied, state why your remedy by way of such motion is inadequate or ineffective to test the legality of your detention:

Petitions that challenge the manner of a sentence's execution must be brought pursuant to § 2241 in the custodial court. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000).

_____

13. Are you presently represented by counsel?  ☐ Yes  ☒ No

If so, provide name, address, and telephone number _____

_____

Case name and court _____

_____

14. If you are seeking leave to proceed *in forma pauperis*, have you completed the declaration setting forth the required information?  ☐ Yes  ☒ No

WHEREFORE, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding,

_____

*Signature of Attorney (if any)*

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on _____        _____

*Date*                                            *Signature of Petitioner*

Rocky Boice Jr.
Reg. # 54677-048
Federal Correctional Institution
3600 Guard Road
Lompoc, CA 93436

United States District Court
for the
Central District of California

| | |
|---|---|
| Rocky Boice Jr., Petitioner, | Case No. |
| v. | |
| Brian Birkholz, Respondent. | Petition for a Writ of Habeas Corpus, Pursuant to 28 U.S.C. § 2241 |

Comes now Petitioner, Rocky Boice Jr., respectfully

Submits this Petition for a Writ of habeas Corpus, pursuant to

28 U.S.C. § 2241. This Petition pertains to prison disciplinary

proceedings held in violation of Wolff v. McDonnell, 418 U.S.

539, 563-66 (1974). Particularly, Petitioner's 270 days of non-

vested good conduct time was forfeited without affording

1

Petitioner the proper due process guaranteed under

the Fifth Amendment.

I.                    Jurisdiction

   A challenge to the loss of good-time credit is cognizible

in a § 2241 petition because the loss affects the duration of

confinement. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th

Cir. 1989)("Habeas corpus jurisdiction is available under 28 U.S.C.

§ 2241 for a prisoner's claims that he has been denied good

time credits without due process of law." (Citing Preiser v.

Rodriguez, 411 U.S. 475, 487-88 (1973))).

A.                 Administrative Remedies

   "Federal prisoners are required to exhaust their federal

administrative remedies prior to bringing a petition for a writ of

habeas corpus in federal court." Martinez v. Roberts, 804 F.2d

570, 571 (9th Cir. 1986). This requires "Complying with a prison's

critical procedural rules." Fordley v. Lizarraga, 18 F.4th 344,

2

351 (9th Cir. 2021). A prisoner may appeal the Discipline Hearing Officer's (DHO) decision through the Bureau of Prisons (BOP) Administrative Remedy Program. See 28 C.F.R. §§ 541.8(i), 542.14(d)(2) (appeal to Regional Director), 542.15(a) (appeal to General Counsel).

B.                    Exhaustion is Complete

Here, Petitioner has completed all required procedures under the BOP Administrative Remedy Program, with the General Counsel providing its final response on January 19, 2024. See Exhibit 1. This case is now ripe for judicial review.

II.                    Argument

A.               Due Process was Violated

Petitioner was denied his full due process rights under 28 C.F.R. § 541.8(h) when he was not provided with a written copy of the DHO's Report within 15 work days of the decision. Cf. BOP Program Statement 5270.09, Ch. 5(h).

3

The U.S. Supreme Court mandates that a written copy of the DHO's decision be provided to the inmate. Wolff, 418 U.S. at 564; see also Baxter v. Palmigiano, 425 U.S. 308, 322 n.5 (1976) (reaffirming that a written report of the disciplinary action taken, and the reasons for it, must be provided).

Here, despite the BOP's claim that "documentary evidence reflects otherwise," the fact remains that Petitioner did not receive a copy of the DHO's Report. Exhibit 2. The BOP has not provided any "documentary evidence" because none exist — Petitioner never signed for the receipt of any report, because none was provided to him. Contrarily, Petitioner declared under penalty of perjury, pursuant to 28 U.S.C. § 1746, that he did not receive a copy of the DHO's Report. Exhibit 2.

This is sufficient to establish that a violation of Petitioner's due process occurred. United States v. Williams,

4

2021 U.S. Dist. LEXIS 8306, at *4 (D. Nev. Jan. 14, 2021).

Without providing a written copy of the DHO's Report, due process is violated because Petitioner is then impeded from filing an administrative appeal. Wolff, 418 U.S. at 565.

C.                           Prejudice

Petitioner suffered prejudice from the denial of his due process rights described above, because it resulted in the unlawful forfeiture of his 270 days of non-vested GCT, as well as the other good time credits that he has earned. It is especially not fair that GCT days which have yet to be earned were taken as a consequence.

III.                   Requested Relief

Accordingly, Petitioner requests that the court issue a writ of habeas corpus to order the expungement of this incident report as a violation of due process under the Fifth Amendment. Baxter, 425 U.S. at 322 n.5; See also Dzana v.

5

Foti, 829 F.2d 558, 561 (5th Cir. 1987) ("These regulations
resemble statutes and regulations found by previous courts to be
clear and mandatory enough to create a liberty interest").

Respectfully Submitted,

Rocky Boice Jr.

Dated: _____

## Certificate of Service

I do hereby certify that a true and correct copy of this Petition

Was mailed to: U.S. Attorney's Office
312 N. Spring Street
Los Angeles, CA 90012

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _____

Rocky Boice Jr.

6

# Exhibit #1

Exhibit #1

RECEIVED
JAN 19 2024
BY

ROCKY NEIL BOICE JR, 54677-048
LOMPOC FCI    UNT: 4 GP    QTR: K08-003L
3600 GUARD ROAD
LOMPOC,  CA 93436

**Administrative Remedy No. 1180585-A1**
**Part B - Response**

You appeal the August 1, 2023, decision of the Discipline
Hearing Officer (DHO) regarding incident report number 3800181,
where you were found to have committed the prohibited act of
Code 108, Possessing a Hazardous Tool.  You do not contest the
finding of guilt; however, you contend you did not receive a
copy of the DHO report within 15 days of the DHO hearing and
believe this is a Due Process violation.  Also, you state the
sanctions imposed are unreasonable and too harsh.  For relief,
you request the incident report be expunged or the 270 days of
Non-vested Good Conduct Time be restored.

Our review of your disciplinary proceedings reveal your DHO
report adequately supports the decision rendered by the DHO.
According to Program Statement 5270.09, Inmate Discipline
Program, disciplinary procedures were substantially followed.
You were given advanced written notice of the charge against you
more than 24 hours prior to your appearance before the DHO.  You
were afforded an opportunity to request a staff representative
and witness statements.  Documentations reflects you waived this
right.  You were afforded the right to present a statement and
submit documentary evidence.  Your statements throughout the
disciplinary process are documented in the DHO report and there
is no evidence you provided any documentary evidence on your own
behalf.  The DHO's decision was based upon the evidence detailed
in Section V of the DHO report, which includes the incident
report of the reporting officer, photographic evidence, TRU
System documentation, and your statements during the
disciplinary process.  Although you state you did not receive a
copy of the DHO report within 15 days of the DHO hearing, you
provide no evidence to back this claim and documentary evidence
reflects otherwise.  Although you may disagree, the sanctions
imposed were commensurate to the severity level of the offense
and in compliance with policy.

Accordingly, your appeal is denied.


January 4, 2024
Date

_T. Barnett_
Timothy Barnett, Administrator
National Inmate Appeals

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP–DIR–9 and BP–DIR–10, including any attachments must be submitted with this appeal.

From: Boice, Rocky, N.          54677-048          B          Lompoc
        LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

Part A—REASON FOR APPEAL  I appeal the Regional Director's denial of my appeal of Incident Report (IR) # 3800181. The Regional Director's response is incorrect — I did NOT receive a copy of the DHO's Report as claimed. Otherwise, a copy would have been attached to my BP-10. This violates my due process rights under Program Statement 5270.09, Ch. 5 (citing 28 C.F.R. § 541.8 (h)), and Wolff v. McDonnell, 418 U.S. 539, 564 (1974). This violation warrants expungement of the IR from my record. Finally, the forfeiture of 270 days of non-vested good conduct time is unreasonable and overly harsh. Accordingly, I request that you either expunge the IR in full, or alternatively restore my 270 days of non-vested GCT.

December 19, 2023
_____
DATE

_____
SIGNATURE OF REQUESTER

Part B—RESPONSE

RECEIVED

JAN 0 3 2024

Administration Remedy Section
Federal Bureau of Prisons

_____          _____
DATE                      GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE          CASE NUMBER: _____

Part C—RECEIPT

CASE NUMBER: _____

Return to: _____
            LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

_____          _____
DATE                      SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

# Exhibit #2

Exhibit #2

<u>Declaration of Rocky Boice Jr.</u>

I, Rocky Boice Jr., make the following declaration under penalty of perjury, pursuant to 28 U.S.C. § 1746:

1. My DHO hearing was held on August 1, 2023.

2. I never received a copy of the DHO's Report in writing.

3. I never signed for receipt of any report following the DHO hearing.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _____

Rocky Boice Jr.

Rocky Boice
Federal Correctiond Inst.
3600 Guard RD
Lompoc, CA 93436







U.S District Court
Central Dist. of California
255 E Temple Street Suite TS-134
Los Angeles, CA 90012

Attn : Clerk of Court